PETER S. SELVIN (SBN 94716)
DAVID GROSSMAN (SBN 211326)
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETHEIA RESEARCH & MANAGEMENT, INC., a California corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ALETHIA RESEARCH, LLC, an Ohio limited liability company; WOODY CALLERI, an individual; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV07-08219 JFW (MANx)**<br><br><br><br>**SUMMONS** |

TO:     THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
<u>David Grossman</u>, whose address is:
Loeb & Loeb, LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067


an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within <u>20</u> days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.




Clerk, U.S. District Court

Dated:     DEC 1 8 2007
_____

By: _____
**NATALIE LONGORIA**

Deputy Clerk

*(Seal of the Court)*

American LegalNet, Inc.<br>www.USCourtForms.com

**FILED**

2007 DEC 18  PM 3: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. G. CALIF.
LOS ANGELES

BY_____

1  PETER SELVIN (SBN 94710)
   pselvin@loeb.com
2  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
5  Facsimile:  310-282-2200

6  Attorneys for Plaintiff
   ALETHEIA RESEARCH &
7  MANAGEMENT, INC.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  ALETHEIA RESEARCH &              )  Case No.
    MANAGEMENT, INC., a California   )
13  corporation,                     )  **CV07-08219 JFW (MANx)**
                                     )
14            Plaintiff,             )  COMPLAINT FOR:
                                     )
15       v.                          )  (1) FEDERAL TRADEMARK
                                     )      INFRINGEMENT
16  ALETHIA RESEARCH, LLC, an Ohio   )
    limited liability company;       )  (2) FEDERAL UNFAIR
17  WOODY CALLERI, an individual; and)      COMPETITION
    DOES 1-10, inclusive,            )
18                                   )  (3) FEDERAL TRADEMARK
            Defendant.               )      DILUTION
19                                   )
                                     )  (4) UNFAIR BUSINESS PRACTICES
20                                   )      (Cal. Bus. & Prof. Code §§ 17200,
                                     )      et seq.)
21                                   )
                                     )  (5) COMMON LAW UNFAIR
22                                   )      COMPETITION
                                     )
23                                   )  (6) CYBERSQUATTING
                                     )
24                                   )
                                     )
25  _____)

26

27

28

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

COMPLAINT

Plaintiff Aletheia Research & Management, Inc. ("Aletheia" or "Plaintiff") hereby alleges as follows:

## PARTIES

1.     Plaintiff Aletheia is a California corporation with its principal place of business in Los Angeles, California.

2.     On information and belief, Defendant Alethia Research LLC ("Alethia") is an Ohio limited liability company with its principal place of business in Lakewood, Ohio.

3.     Defendant Woody Calleri ("Calleri") is an individual residing in Ohio.

4.     Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants.  Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendants and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter.  Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

6.     As described further below, Defendants conduct business and distribute their product in California.

## JURISDICTION AND VENUE

7.     This action arises, in part, under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*  This court has subject matter jurisdiction over this

Loeb & Loeb
a limited Liability Partnership
Including Professional
Corporations

COMPLAINT

1 | action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark

2 | claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3 |      8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and

4 | 1400 because a substantial part of the events giving rise to the claims occurred in

5 | this District.  The unfair competition and infringement committed by the Defendants

6 | was expressly aimed at harming Plaintiff and capitalizing on Plaintiff Aletheia's

7 | goodwill.  Further, actual confusion between Defendants' "Alethia" name and mark

8 | and Plaintiff's established "Aletheia" name mark have occurred in this District.

9 | Moreover, Plaintiff is informed and believes that Defendant Calleri regularly travels

10 | to California to conduct Defendants' infringing activities and solicits and contracts

11 | with California companies and residents through, among other things, Defendants'

12 | infringing interactive website, alethiaresearch.com.

13 | **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

14 | **I.    PLAINTIFF ALETHEIA AND ITS REGISTERED TRADEMARK.**

15 |      9.    Plaintiff Aletheia is a well-established, independent registered

16 | investment advisor that sets itself apart from its competitors by using proven,

17 | superior research methods and philosophy.  Aletheia currently manages

18 | approximately 9 billion dollars in assets.

19 |      10.    Plaintiff Aletheia was founded in 1997 and has used the mark

20 | "Aletheia" in connection with its investment services since then.  Plaintiff Aletheia

21 | is the owner of a federally registered trademark (the "Mark"), Registration No. 75-

22 | 61829, for use of the name "ALETHEIA" in connection a wide range of financial

23 | services, including investment advisory services, financial consulting and money

24 | management.  A true and correct copy of this trademark registration is attached

25 | hereto as Exhibit "A."  This registration is valid, subsisting, and owned by Plaintiff

26 | Aletheia.  Registration No. 75-61829 is incontestable pursuant to 15 U.S.C. §§ 1064

27 | and 1115(b).

28 |

11.    Since 1997, Plaintiff Aletheia has invested substantial sums of money, time and effort in establishing, advertising and maintaining Plaintiff's trade name, which is an extremely valuable component of Plaintiff's business.

12.    Plaintiff Aletheia has invested over $5 million promoting its name and services over the course of the last decade.  As a result of its superior service and research, Aletheia has gained unsolicited press in major investment journals and national publications, including Investor's Business Daily, Wall Street Magazine, Pensions and Investments Magazine and Barron's, to name a few.

13.    Commencing prior to the complained of acts and continuing to the present, and as a result of Aletheia's marketing, operations, positive publicity and proven results in the financial services community, the Aletheia trade name and Mark has acquired significant goodwill and strong secondary meaning identifying Aletheia and its various financial services, and the Aletheia Mark has become famous among consumers in the relevant market for financial services in California and throughout the United States.

## II.    DEFENDANTS' WILLFUL EFFORTS TO MISAPPROPRIATE THE GOODWILL OF ALETHEIA'S MARK.

14.    Defendant Alethia (Plaintiff's company is "Aletheia Research and Management," whereas Defendant's company markets itself as "Alethia Research") is engaged in the provision of financial services, and more particularly, provides investment advisory services in the form of market and company-specific research to interested investors.  Plaintiff is informed and believes that Defendant Calleri is the principal owner of Alethia and conducts and directs its activities.  Plaintiff is informed and believes that Defendant Alethia conducts its research by visiting California corporations and by contacting California companies regarding their products and finances.

15.    Defendant Alethia began operating in December of 2003.  Several months later, Defendant Alethia began operating a website located at

1  "http://alethiaresearch.com" and at "http://www.alethiaresearch.com".  Defendants'

2  website is not simply a passive "advertisement" web site, but is an interactive site

3  that enables Defendants' customers to log on and to obtain access to Defendants'

4  financial services, including its financial research.  Defendants' customers,

5  including customers located in California, may, therefore, access Alethia's services

6  and research from its infringing website.

7      16.   In an attempt to capitalize on the goodwill generated by Plaintiff

8  Aletheia in the market for financial services, Defendants have recently attempted to

9  register the "Alethia" name as a trademark.  Soon after Defendants' attempt to

10 register this competing mark for financial services, the United States Patent and

11 Trademark Office ("USPTPO") issued an office action denying registration of the

12 proposed mark ALETHIA due to the likelihood of confusion with Plaintiff's

13 previously registered ALETHEIA Mark.

14     17.   On information and belief, Defendants were aware of Plaintiff's

15 preexisting ALETHEIA Mark when they began using the "Alethia" trade name and

16 when they attempted to register the confusingly similar mark ALETHIA with the

17 USPTO.  Nevertheless, and after having the proposed trade name rejected by the

18 USPTO on the grounds that such mark would lead to a likelihood of consumer

19 confusion, Defendants have persisted in using the Alethia trade name in violation of

20 Plaintiff's prior rights and in an attempt to trade off of Plaintiff's Mark and

21 goodwill.

22 **III.   EVIDENCE OF ACTUAL CONFUSION**

23     18.   Defendant Alethia has been contacted by prospective customers in the

24 financial services market that were intending to contact Plaintiff Aletheia.  Plaintiff

25 is informed and believes that several such prospective customers have, due to

26 understandable confusion, approached Alethia believing they were contacting

27 Plaintiff.  Though some of said prospective customers were ultimately able to find

28 their way to and make contact with Plaintiff, Plaintiff is informed and believes that

the majority of said prospective customers have not, and continue to not be, re-directed to Plaintiff.

19.   Further, Plaintiff Aletheia has been approached by customers (or prospective customers) of Defendant Alethia and has had to re-direct those persons to the Defendants due to their initial confusion.

20.   Defendants have infringed Plaintiff's ALETHEIA Mark, by, among other things, the use of the name "Alethia" in promoting, marketing, and selling their financial services.

21.   Plaintiff Aletheia and Defendant Alethia operate in the same, or related markets, namely the market for financial services and research relating to investments in public companies.  Consumers viewing both the ALETHEIA Mark and the ALETHIA proposed mark are likely to be confused as to the source of the offered financial services.

22.   The natural, probable and foreseeable result of the wrongful conduct of the Defendants has been to deprive Plaintiff Aletheia of business and goodwill, to injure Plaintiff's relationships with existing and prospective customers, and to dilute the distinctive quality of Plaintiff's Mark.

23.   Plaintiff is informed and believes that it has lost or will lose revenues as a result of the sale of Defendants' services and research, and has sustained and will sustain damages as a result of Defendants' wrongful conduct.

24.   Defendants have been unjustly enriched by their copying and use of the infringing mark.

## FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement, 15 U.S.C. 1114)

25.   Plaintiff incorporates by reference Paragraphs 1 through 24 above as though fully set forth herein.

26.   In connection with its financial services, and since prior to the acts of Defendants complained of herein, and continuing to the present, Plaintiff has used

1   the ALETHEIA Mark in commerce in connection with the marketing and sale of

2   financial services.  The United States Patent and Trademark Office has granted

3   federal trademark registration to Plaintiff for the Mark "ALETHEIA" for use in

4   connection with financial services, including investment advisory services, financial

5   consulting and money management.

6         27.    The ALETHEIA Mark is inherently distinctive.  In the alternative,

7   because of Plaintiff's exclusive and extensive use of the ALETHEIA Mark, this

8   trademark has acquired considerable value and has become extremely well known to

9   the consuming public as identifying and distinguishing Plaintiff Aletheia exclusively

10  and uniquely as the source of services to which the ALETHEIA Mark is applied.

11        28.    Notwithstanding Plaintiff's rights in the ALETEHIA Mark, and with

12  notice of Plaintiff's federal registration rights, Defendants have in the past and will

13  continue to advertise, distribute, and sell their services using the infringing Alethia

14  name.  Plaintiff has never authorized or consented in any way to such use by

15  Defendants of the name "Alethia."

16        29.    Defendants' conduct is the result of willful and wanton disregard of

17  Plaintiff's established and superior rights.  Defendants have adopted and continue to

18  use the infringing Alethia name with full knowledge of Plaintiff's superior rights.

19  Defendants have willfully intended to trade on Plaintiff's goodwill and reputation

20  and cause dilution of Plaintiff's ALETHEIA Mark.

21        30.    This imitation, copying, and unauthorized use of the ALETHEIA Mark

22  constitutes trademark infringement and causes likelihood of confusion, deception

23  and mistake among the consuming public and trade.

24        31.    This imitation, copying, and unauthorized use of the ALETHEIA Mark

25  causes irreparable injury to Plaintiff, including injury to its business reputation and

26  dilution of the distinctive quality of the ALETHEIA Mark.

27        32.    By reason of the foregoing, Defendants have violated and are

28  continuing to violate 15 U.S.C. § 1114.

33.     Plaintiff has no adequate remedy at law for these injuries. Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying and unauthorized infringement of the ALETHEIA Mark, these injuries will continue to occur. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. § 1114.

34.     Plaintiff is further entitled to recover from Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. Plaintiff is at present unable to ascertain the full extent of the monetary damages suffered by reason of Defendants' acts, but Plaintiff is informed and believes, and on the basis of such belief alleges, that Plaintiff has sustained such damages in an amount exceeding $75,000.

## SECOND CLAIM FOR RELIEF
(Federal Unfair Competition, 15 U.S.C. 1125(a))

35.     Plaintiff incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein.

36.     For many years, Plaintiff Aletheia has used in interstate commerce a distinctive mark ("ALETHIA") in connection with the sale and marketing of its financial services. The ALETEIA Mark is distinctive and is protected under Lanham Act 43(a). This distinctive trade name has been used continuously in commerce for approximately ten years and the ALETHEIA Mark is inherently distinctive or, in the alternative, has acquired a secondary meaning.

37.     The name Alethia and proposed mark for use by the Defendants is substantially similar to the name and Mark used by Plaintiff Aletheia in connection with its financial services.

38.     Defendants' willful acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

COMPLAINT

1  Aletheia or as to the origin, sponsorship, or approval of Defendants' competing

2  financial services.

3      39.    Defendants' acts constitute unfair competition in violation of 15 U.S.C.

4  §1125(a)(1)(A).

5      40.    Defendants' conduct is the result of willful and wanton disregard of

6  Plaintiff's established and superior rights.  Defendants adopted and continue to use a

7  name that is nearly identical to Plaintiff's name and Mark, with knowledge of

8  Plaintiff's superior rights, and without authorization.  Defendants have willfully

9  intended to trade on Plaintiff's goodwill and reputation and cause dilution of

10 Plaintiff's famous name and Mark.  Plaintiff has suffered, and will continue to

11 suffer, irreparable injury as a result of Defendants' unlawful actions and has no

12 adequate remedy at law.

13     41.    Plaintiff is further entitled to recover from Defendants the gains, profits

14 and advantages Defendants have obtained as a result of its acts in violation of

15 § 43(a).  Plaintiff is at present unable to ascertain the full extent of the gains, profits

16 and advantages Defendants have obtained by reason of their acts but Plaintiff is

17 informed and believes, and on the basis of such information and belief, alleges, that

18 Defendants have obtained such gains, profits and advantages in an amount

19 exceeding $75,000.

20              **THIRD CLAIM FOR RELIEF**
              (Federal Trademark Dilution, 15 U.S.C. 1125(c))
21

22     42.    Plaintiff incorporates Paragraphs 1 through 41 above as though set

23 forth fully herein.

24     43.    The Aletheia name and Mark is famous under 15 U.S.C. § 1125(c).

25     44.    Defendants' commercial misappropriation of Plaintiff's famous name

26 and Mark began long after the Aletheia name and Mark became famous.

27 Defendants' conduct causes and will continue to cause dilution of the distinctive

28

1   quality of, and tremendous goodwill associated with, Aletheia's famous name and

2   Mark.

3       45.    Defendants' conduct is the result of willful and wanton disregard of

4   Plaintiff's established and superior rights.  Defendants adopted and continue to use

5   Plaintiff's name and Mark, with knowledge of Plaintiff's superior rights, and

6   without authorization.  Defendants have willfully intended to trade on Plaintiff's

7   goodwill and reputation and cause dilution of Plaintiff's famous name and Mark.

8   Plaintiff has suffered, and will continue to suffer, irreparable injury as a result of

9   Defendants' unlawful actions and has no adequate remedy at law.

10      46.    Plaintiff is further entitled to recover from Defendants the gains, profits

11  and advantages Defendants have obtained as a result of their acts in violation of

12  § 43(c).  Plaintiff is at present unable to ascertain the full extent of the gains, profits

13  and advantages Defendants have obtained by reason of their acts but Plaintiff is

14  informed and believes, and on the basis of such information and belief, alleges, that

15  Defendants have obtained such gains, profits and advantages in an amount

16  exceeding $75,000.

17                    **FOURTH CLAIM FOR RELIEF**

18      (Unfair Business Practices – Cal. Bus. & Prof. Code §§ 17200, et seq.)

19      47.    Plaintiff incorporates by reference Paragraphs 1 through 46 above as

20  though fully set forth herein.

21      48.    Defendants' conduct as alleged herein constitutes unfair competition in

22  that such acts were and are unlawful, unfair, deceptive and/or fraudulent business

23  acts or practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

24      49.    As a direct and proximate result of Defendants' wrongful conduct,

25  Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's good

26  will with its existing, former and potential customers and actual confusion between

27  Defendants' infringing financial services and Plaintiff's financial services.

28

50.     These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to reputation, and diminution of the value of Plaintiff's services and ALETHEIA Mark.   The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

51.     Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in such further unlawful conduct.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

52.     Plaintiff incorporates Paragraphs 1 through 51 above as though set forth fully herein.

53.     Defendants' conduct constitutes unfair competition under California law.

54.     By reason of Defendants' conduct Plaintiff has sustained and will continue to sustain substantial injury, loss and damage.

55.     Further irreparable harm and injury to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of unfair competition.

56.     Plaintiff is further entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts of unfair competition.  Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of unfair competition but Plaintiff is

1  informed and believes, and on the basis of such information and belief alleges, that

2  it has sustained such damages in an amount exceeding $75,000.

3      57.    Plaintiff is informed and believes and on that basis allege that

4  Defendants' conduct was willful, fraudulent and malicious and Plaintiff is thereby

5  entitled to punitive damages.

## SIXTH CLAIM FOR RELIEF
(Cybersquatting under the Anticybersquatting Consumer
Protection Act, 15 U.S.C. § 1125(d))

8      58.    Plaintiff incorporates Paragraphs 1 through 57 above as though set

forth fully herein.

    59.    Defendants have registered the domain names "alethiaresearch.com"

and "www.alethiaresearch.com".  Defendants have intentionally and willfully

registered these websites in a deliberate scheme to deceive consumers into believing

that Defendants' services are Plaintiff Aletheia's services or are licensed, sponsored,

or authorized by Plaintiff Aletheia, and to misappropriate the goodwill represented

by the Aletheia trade name.

    60.    Defendants' registration of the alethiaresearch.com and

www.alethiaresearch.com websites was done in bad faith in violation of the

Anticybersquatting Consumer Protection Act, § 15 U.S.C. 1125(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    1.    Defendants, their respective officers, agents, servants, employees,

attorneys, and all others in active concert or participation with any of them, be

enjoined and restrained during the pendency of this action and permanently

thereafter from:

    a.    using the ALETHEIA Mark and any colorable imitation or

confusingly similar version of that Mark;

1            b.     registering or using, directly or indirectly, alethiaresearch.com,

2  www.alethiaresearch.com, or any other domain name that contains the ALETHEIA

3  mark, or any colorable imitation, simulation or typographical variation of it, either

4  alone or in combination with any other term, or any domain name that is

5  confusingly similar to any of the above;

6            c.     doing any act or thing likely to induce the belief that Defendants'

7  services are in any way legitimately connected with, or sponsored or approved by,

8  Plaintiff Aletheia; and

9            d.     doing any act or thing that is likely to dilute the distinctiveness of

10  Plaintiff's ALETHEIA Mark or that is likely to tarnish the goodwill associated with

11  it.

12      2.     That Defendants pay to Plaintiff the damages Plaintiff has sustained in

13  consequence of Defendants' conduct.

14      3.     That Defendants pay to Plaintiff all profits obtained by Defendants as a

15  consequence of Defendants' conduct.

16      4.     That Defendants pay to Plaintiff treble damages and increased profits

17  for its infringement of Plaintiff's ALETHEIA Mark and for its violation of Lanham

18  Act § 43(a).

19      5.     That Plaintiff recover its costs and reasonable attorneys' fees.

20      6.     That Plaintiff recover punitive damages from Defendants.

21      7.     That Defendants file with this Court and serve on Plaintiff a report in

22  writing under oath setting forth in detail the manner and form in which each

23  Defendant has complied with the terms of any injunction entered by this Court, in

24  accordance with 15 U.S.C. § 1116 and Cal. Bus. & Prof. Code §§ 17203.

25

26

27

28

1       8.     That Plaintiff have such other and further relief as the Court deems just

2  and proper.

3

4

5  Dated:  December 18, 2007             LOEB & LOEB LLP

                                   PETER SELVIN

6                               DAVID GROSSMAN

7                        By:

8                               David Grossman

                               Attorneys for Plaintiff

9                             ALETHEIA RESEARCH &

                             MANAGEMENT, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

3

4

Dated:  December 16, 2007

5

LOEB & LOEB LLP
PETER SELVIN
DAVID GROSSMAN

6

7

By: _____

8

David Grossman
Attorneys for Plaintiff
ALETHEIA RESEARCH &
MANAGEMENT, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Trademark Electronic Search System (TESS)



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Dec 18 04:07:27 EST 2007*



Logout Please logout when you are done to release system resources allocated for you.

Start List At:     OR Jump to record:    **Record 2 out of 3**

( *Use the "Back" button of the Internet Browser to return to TESS.* )

### Typed Drawing

| | |
|---|---|
| **Word Mark** | **ALETHEIA** |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Financial Services, namely investment advisory, financial consulting, money management and securities brokerage. FIRST USE: 19970723. FIRST USE IN COMMERCE: 19970723 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75618729 |
| **Filing Date** | January 11, 1999 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 8, 2000 |
| **Registration Number** | 2346821 |
| **Registration Date** | May 2, 2000 |
| **Owner** | (REGISTRANT) ALETHEIA RESEARCH AND MANAGEMENT, INC. CORPORATION CALIFORNIA 100 Wilshire Boulevard Suite 1960 Santa Monica CALIFORNIA 90401 |
| **Attorney of Record** | Noah Klarish |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

Trademark Electronic Search System (TESS)



| .HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV07- 8219 JFW (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALETHEIA RESEARCH & MANAGEMENT, INC., a California corporation | ALETHIA RESEARCH, LLC, an Ohio limited liability company; WOODY CALLERI, an individual; and DOES 1-10, inclusive |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): Ohio |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Peter Selvin (SBN 94710) David Grossman (SBN 211326) LOEB & LOEB 10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067 Telephone: (310) 282-2000 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1114, et seq. Trademark infringement action based on defendant's unauthorized use of the confusingly similar mark "Alethia."

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05)  **CIVIL COVER SHEET**  **CV07-0821**  American LegalNet, Inc. www.USCourtForms.com  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No    ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Ohio

List the **California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** David Grossman          Date December 18, 2007

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com